UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENASHA OLIVER, individually and on behalf of a class of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  No. 4:21CV199 RLW |
| CENTENE CORPORATION and CENTENE MANAGEMENT COMPANY, LLC., | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Renewed Motion for Pre-Discovery Conditional Certification (ECF No. 38).[1] This Motion is fully briefed and ready for disposition. The Court grants Plaintiff's Motion.

## BACKGROUND

Plaintiff Denasha Oliver is an Illinois resident who worked as a Customer Service Representative (CSR) for Defendants from June 2019 to March 2020. (ECF No. 16-3). Opt-in Plaintiff Jeanecia Nolan is an Illinois resident who worked for Defendants as a CSR at their Carbondale, Illinois service center and at Ms. Nolan's home from November 11, 2019 to June 2020. (ECF No. 16-4). Opt-in Plaintiff Jacki Livingston worked for staffing agency Total Medical

---

[1] In addition to Plaintiff Denasha Oliver, Jeanecia Nolan filed a Consent to Join (ECF No. 25-1) on April 16, 2021 and Jacki Livingston filed a Consent to Join (ECF No. 40-1) on May 20, 2021. Although filed after the Renewed Motion for Pre-Discovery Conditional Certification and not considered in support of the Motion, Cassie R. Johnson, a CSR at the Carbondale Service Center, filed a Consent to Join (ECF No. 51-1) and Carolina Esparza, a CSR at the El Paso Service Center, filed a Consent to Join (ECF No. 44-1).

– 1 –

Staffing from November 2019 through March 2020 as a CSR at Defendants' call center in Takoma, Washington.  (ECF No. 42-2).

Plaintiff filed a Collective and Class Action and Jury Demand on February 17, 2021, alleging claims for Violation of the Fair Labor Standards Act of 1938 ("FLSA") (Complaint, ECF No. 1).  On April 23, 2021,  Oliver filed a First Amended Collective and Class Action and Jury Demand.  (ECF No. 31).  On May 14, 2021, Oliver filed the instant Renewed Motion for Pre-Discovery Conditional Certification (ECF No. 38). On August 3, 2021, Plaintiffs Oliver and Livingston filed their Second Amended Collective and Class Action and Jury Demand (ECF No. 67).

## DISCUSSION

### A.     Plaintiff's Allegations

The FLSA provides that any employer who violates the overtime requirements of 29 U.S.C. § 207 "shall be liable to the employee or employees affected in the amount of their ... unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." *Id.*; *Kayser v. Sw. Bell Tel. Co.*, 912 F. Supp. 2d 803, 811 (E.D. Mo. 2012).

In her Renewed Motion for Pre-Discovery Conditional Certification, Plaintiff alleges that Defendants participated in a "common scheme and policy of failing to compensate [CSRs] for all compensable time, including time spent booting up and shutting down their computers and logging into and out of essential computer software programs and applications before and after their shifts and during unpaid lunch breaks."  (ECF No. 38 at 1-2). Plaintiff proposes certifying the proposed collective FLSA class:

> All current and former hourly call center workers, including but not limited to Customer care associates, Customer Support Representatives, and Customer Service Representative (collectively referred to as "Customer service Representatives") who worked for Defendants at any time three years prior to the date this motion is granted through judgment[.]

(ECF No. 38 at 1). Plaintiff further asks the Court to order Defendants "to identify all putative collective action members by providing a list of their names, last known addresses, dates and location of employment, phone numbers, and email addresses in electronic and importable format within 20 days of the entry of the order." (*Id.*).

Plaintiff claims that "Defendants trained or encouraged CSRs to record the start of their compensable time as the time they were 'fully prepared to field calls.'" (ECF No. 39 at 4 (citing ECF Nos. 16-3, 16-4, ¶ 8)). Plaintiff maintains that the process of loading and logging into all of their systems and applications took considerable time, between ten to fifteen minutes each day. (ECF No. 39 at 4 (citing ECF Nos. 16-3, 16-4, ¶ 7)). CSRs are deemed not fully prepared to take calls (and thus clock-in) until they have loaded and logged into all of their computer programs." (ECF No. 39 at 4 (citing ECF Nos. 16-3, 16-4, ¶ 10)). Likewise, at the end of each shift, CSRs engage in a two to three minute logout and shutdown process, but CSRs are instructed not to include the time for this process on their timesheets. (ECF No. 39 at 4 (citing ECF Nos. 16-3, 16-4, ¶¶ 12-13)). Plaintiff further claims that Defendants prohibited CSRs from including the time spent logging call notes after their shifts. (*Id.*)  Plaintiff maintains that CSRs regularly engaged in call logging, an essential part of their jobs, during their unpaid lunch breaks. (ECF No. 39 at 4 (citing ECF Nos. 16-3, 16-4, ¶ 17)). Although Defendants have written policies prohibiting off-the-clock work, Plaintiff states that Defendants do not follow these policies and instead require off-the-clock pre-shift, end of shift, and mid-shift work. (ECF No. 39 at 4 (citing ECF Nos. 16-3,

16-4, ¶ 22)). Defendants precluded CSRs from using their discretionary time for anything other than using the restroom.   (ECF No. 39 at 4 (citing ECF Nos. 16-3, 16-4, ¶ 9)).

Defendants oppose class certification.   Defendants claim that conditional class certification is improper because Plaintiffs have not demonstrated a common policy.   In response, Plaintiff contends that the proposed class is proper based upon the lenient burden for conditional class certification.

### B.  The Two-Step Process for Collective Actions

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated" under § 216.  *Beasley v. GC Services LP*, 270 F.R.D. 442, 444 (E.D. Mo. 2010); *Littlefield v. Dealer Warranty Services, LLC*, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010); *Ford v. Townsends of Ark., Inc.*, No. 4:08CV00509BSM, 2010 WL 1433455, at *3 (E.D. Ark. Apr. 9, 2010).   Under the two-step process, plaintiffs first seek conditional certification, and if granted, the defendant may later move for decertification after the opt-in period has closed and all discovery is complete. *Kayser v. Sw. Bell Tel. Co.*, 912 F. Supp. 2d 803, 812 (E.D. Mo. 2012); *Davis v. NovaStar Mortg., Inc.,* 408 F.Supp.2d 811, 815 (W.D. Mo. 2005). The motion for conditional certification is usually filed before any significant discovery has taken place. The plaintiffs' burden at this first stage is typically not onerous. *Davis,* 408 F.Supp.2d at 815. Conditional certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.*; *see also Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007); *Ford*, 2010 WL 1433455, at *3 ("A class is similarly situated at this stage if plaintiffs make a modest factual showing, based upon the pleadings and affidavits, that the proposed class members were victims of a single decision, policy, or plan."); *Dernovish v. AT&T Operations, Inc.*, No. 09-0015CVWODS, 2010 WL 143692, at *1 (W.D. Mo. Jan. 12, 2010) ("There is no need to show

that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances."). A plaintiff may meet this burden by "detailed allegations supported by affidavits." *Kautsch*, 504 F.Supp.2d at 689 (citation omitted). The Court does not reach the merits of Plaintiffs' claims at this early stage of litigation. *Fast v. Applebee's Int'l, Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007). If the Court conditionally certifies the class, the potential class members are given notice and the opportunity to opt-in. *Dernovish*, 2010 WL 143692, at *1.

The second step is the "merits stage" and occurs when the defendant moves to decertify the class, typically after the close of discovery. *Ezell v. Acosta, Inc.*, No. 4:16CV870 RLW, 2018 WL 3763834, at *3 (E.D. Mo. Aug. 8, 2018); *Beasley*, 270 F.R.D. at 444; *Dernovish*, at *1 (W.D. Mo. Jan. 12, 2010). This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision. *Dernovish*, 2010 WL 143692, at *1. "Court does not need to determine whether class members are *actually* similarly situated until the 'merits stage' of the litigation, when defendants typically move to decertify the class." *Bilskey v. Bluff City Ice, Inc.*, No. 1:13-CV-62 SNLJ, 2014 WL 320568, at *2 (E.D. Mo. Jan. 29, 2014). "Applying a stricter standard, the court at the second step makes a factual determination on the similarly situated question." *Wilson v. PNK (River City), LLC*, No. 4:15CV00380 AGF, 2015 WL 5098716, at *2 (E.D. Mo. Aug. 31, 2015); *Garner v. Regis Corp.*, No. 03-5037-CV-SW-SWH, 2004 WL 5455905, at *2 (W.D. Mo. Aug. 5, 2004)(citation omitted).

### C. Standing

As an initial matter, Defendants contend that Plaintiff lacks standing to pursue this litigation because she was never employed by Defendants. (ECF No. 49 at 11-14). Defendants

argue that Plaintiff has not submitted any evidence in support of her claim that Defendants and her staffing agency, HireLevel, were joint employers.  Defendants claim that the "individualized questions" regarding the true employer of Plaintiff and putative plaintiffs preclude collective treatment.  (ECF No. 49 at 12). Defendants rely upon *Gentry v. DRS Tech., Inc.*, No. 4:11 CV 1915 RWS, 2012 WL 2154259 (E.D. Mo. June 13, 2012), where the plaintiffs brought a purported FLSA collective action against both a parent company and one of its subsidiaries.   In *Gentry*, the Court denied conditional collective certification because it was unclear whether plaintiffs were seeking to certify a collective of individuals employed by unidentified subsidiaries of the parent corporation and there was no evidence that the unlawful policies were applied outside the lone identified subsidiary.  *Id*. at *2 ("Plaintiffs do not present *any* evidence, in their affidavits or elsewhere in the record, that the challenged policy is implemented outside of DRS Sustainment."). Defendants claim that Plaintiff has failed to offer substantial allegations concerning the factors necessary to determine whether Defendants were her employer.

A similar issue was raised in *Seward v. Midwest Commc'n Servs., Inc.*, No. 020CV00093JRTKMM, 2020 WL 7626394, at *2 (D. Minn. Nov. 25, 2020).  In *Seward*, plaintiffs brought a collective action pursuant under the FLSA, alleging that the defendants misclassified their current and past instillation technicians as independent contractors and illegally withheld overtime payments.  Dish Network argued that it was "improperly included as a defendant in this action because it bore no responsibility for the classification or payment of the workers." *Id*. at *2.  The *Seward* court refused to dismiss Dish Network as a defendant, noting

> [e]ven if is true that Dish [Network] is not a proper defendant, it cites no authority for either its argument that a plaintiff's decision to include an improper defendant in an FLSA action precludes conditional certification, nor its implied argument that a class can be certified as to one defendant, but not as to another. Put simply, this is not the proper stage of this litigation for Dish to challenge its inclusion in the action.

*Id.* (citing *See Jackson v. Fed. Nat'l Mortg. Ass'n*, 181 F. Supp. 3d 1044, (D. Ga. 2016) ("Typically the joint employer doctrine is addressed at the decertification or summary judgment stage."); *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 806 (D. Tex. 2010) ("In instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination."); *Kaluom v. Stolt Offshore, Inc.*, 474 F.Supp.2d 866, 875 (S.D. Tex. 2007) ("If Defendant can show that the Economics Reality Test produces significantly different results for different employers after discovery has been conducted regarding the other employers, then Defendant should move for decertification at that time."). "A business that utilizes staffing agencies may be deemed a joint employer of the staffing agency's employees." *Jackson v. Fed. Nat'l Mortg. Ass'n*, 181 F. Supp. 3d 1044, 1054 (N.D. Ga. 2016); s*ee Butler v. Drive Automotive Industries of America*, 793 F.3d 404, 410 (4th Cir.2015) ("the joint employment doctrine also recognizes the reality of changes in modern employment, in which increasing numbers of workers are employed by temporary staffing companies that exercise little control over their day to day activities"); 29 C.F.R. §791.2 (determining Joint Employer Status under the FLSA).

Ultimately, the Court holds that arguments related to Defendants' status as a joint employer are premature and more properly brought at the decertification or summary judgment stage. *Seward,* at *2. In any event, the Court holds that, unlike in *Gentry*, Plaintiff has provided evidence that the allegedly unlawful policy was implemented, at least in part, by Defendants. Plaintiff's allegations, and the affidavits submitted by Plaintiffs, all plausibly suggest that Plaintiff may be able to prove that Defendants were joint employers, along with the individual staffing agencies. *Jackson*, 181 F. Supp. 3d at 1054.

### D. Uniform Policy

As stated, the FLSA allows named plaintiffs to sue "for and in behalf of ... themselves and other employees similarly situated." 29 U.S.C. § 216(b). "Plaintiffs may be similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014)(internal citation omitted). "A court may consider '(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations.'" *Bouaphakeo*, 765 F.3d at 796 (citing *Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1103 (10th Cir. 2001)). "While Plaintiffs' burden is not onerous, Plaintiffs must assert substantial allegations that the putative class members were the victims of a single decision, policy or plan." *Andrews v. Appletree Answering Serv.*, No. 4:11 CV 2227 RWS, 2012 WL 2339322, at *3 (E.D. Mo. June 19, 2012).

Plaintiff "seeks to certify a collective action comprised of Defendants' contingent worker CSRs." (ECF No. 54 at 18). Plaintiff contends that all CSR positions nationwide are similar in that they: (1) are paid hourly, (2) are non-exempt, (3) use most of the same computer programs, (4) are subject to the same attendance and schedule adherence policies, (5) have the same job duties, and (6) use a self-recording timekeeping system. (ECF No. 39 at 1-2). Plaintiff claims that district courts in this Circuit "routinely grant conditional certification based upon proofs similar to those offered by Plaintiff in this case." (ECF No. 54 at 15). Plaintiff notes that she has submitted affidavits and other evidence in support of the claims. (ECF No. 54 at 18). And, Plaintiff further contends that Defendants' argument that the Court should not certify this class because of individualized inquires is improper at this stage and should be reserved for the decertification

process. (ECF No. 54 at 16-17). Plaintiff claims that Defendants can easily identify the putative collective class, as evidenced by a document registering Plaintiff for the Centene.com domain and adding her to "Centene's Outlook's Global Address Book, " and as demonstrated by how quickly Defendants obtained Opt-In Plaintiff Livingston's paystubs. (ECF No. 54 at 19). Further, Plaintiff states that the small difference in damages between the identified Plaintiffs (less than 2 minutes per day) is not diverse enough to defeat class certification. (ECF No. 54 at 19-21)

Defendants claim that "[t]here is no evidence of any common policy that prevented or discouraged CSRs from logging into the timekeeping system before launching their computer programs and logging into the phone system." (ECF No. 49 at 15). Rather, Defendants contend that her documents contain no reference to timekeeping and only apply to the IlliniCare health plan subsidiary. (ECF No. 49 at 14-15). Defendants note that the Centene Management timekeeping policy explicitly provides "Employees using an electronic time stamp system must log in to the timekeeping system <u>before</u> performing any work or opening/logging into any other programs or systems to ensure that all time worked is captured." (ECF No. 49 at 15 (emphasis in original). Defendants argue that Plaintiff's "off-the-clock claim is not derived from policies, but from the manner she was allegedly 'trained and directed' and how timekeeping was 'implemented' at each independent subsidiary" and the "alleged unique personal experiences of staffing agency employees at two small call centers." (ECF No. 49 at 16); *see also Andrews*, 2012 WL 2339322, at *3 (plaintiffs made no declaration that they had "been informed of similar practices in other locations.").

Upon consideration and as discussed herein, the Court finds that, given the lenient notice standard, Plaintiff has met her burden to show conditional certification is proper. *Kautsch*, 504 F.Supp.2d at 690. Plaintiff has provided substantial allegations of a common, nationwide policy

that violates the FLSA. Courts in this Circuit have frequently allowed conditional certification based upon only three (or fewer) declarations, identifying a corporate-wide policy of denying overtime compensation. *See Cox v. Gordmans Stores, Inc.*, No. 4:16CV219 RLW, 2016 WL 6962508, at *3 (E.D. Mo. Nov. 28, 2016) (relying upon the experiences of three employees to state a colorable basis for an FLSA collective action); *see also Stouder v. Turblex, Inc.*, No. 10-3069-CV-S-DW, 2010 WL 11619552, at *3 (W.D. Mo. Aug. 31, 2010) ("This Court is persuaded by the logic behind those decisions that do not require evidence of other plaintiffs who wish to opt-in to the litigation. Requiring the plaintiffs to provide evidence of others who wish to opt-in essentially puts 'the cart before the horse.'") (internal citation omitted). Plaintiff provided the declarations of three different CSRs from two separate call centers, alleging essentially the same requirements, performance metrics, and purported violations. *Thompson v. Speedway SuperAmerica LLC*, No. 08-CV-1107(PJS/RLE), 2009 WL 130069, at *2 (D. Minn. Jan. 20, 2009) ("[P]roof of an identical, regularly scheduled task that is always uncompensated would suggest the existence of a corporate policy."). In light of the uniform job postings from one of Defendants' service centers to the next and Plaintiffs' declaration testimony, the Court finds that such information "could demonstrate common policies or expectations at least with respect to the call centers[,]" sufficient to warrant a nationwide class. *Dernovish*, 2010 WL 143692, at *2.

### E. Vague and Unsupported allegations

Defendants further claim that Plaintiff's bare assertions cannot meet her burden at this stage. (ECF No. 49 at 21 (citing *Evans v. Cont. Callers, Inc.*, No. 4:10CV2358 FRB, 2012 WL 234653, at *5 (E.D. Mo. Jan. 25, 2012) ("plaintiff's bare assertion that CCI should have known that its employees were not taking lunch breaks, with nothing more, is insufficient to constitute evidence that CCI engaged in a systematic policy of violating the FLSA with regard to its mealtime deduction"). Defendants argue that the only evidence of an unlawful practice are the

declarations of Oliver, Nolan, and Livingston, but those declarations do not provide any "foundation for any knowledge about the pay practices experienced by other CSRs at Carbondale or Tacoma, let alone nationwide." (ECF No. 49 at 21 (citing ECF Nos. 16-3, 16-4)). Defendants argue that the only evidence of a common policy is the lawful policy requiring accurate timekeeping and prohibiting off-the-clock work. (ECF No. 49 at 12). Defendants further note that Plaintiff and the other declarants employed by staffing agencies used the Beeline system for vendor billing and manually entered their hours worked each week. In contrast, Centene Management's CSRs used a time clock in EmpCenter to record the exact times they started and stopped work each day. Defendants argue that "Beeline and EmpCenter were used in entirely different ways for different purposes, and training on timekeeping was provided by each person's respective employer—given these key dissimilarities between employees of Centene Management and employees of different staffing agencies, conditional certification cannot be granted." (ECF No. 49 at 21-22). In addition, Plaintiff's declarants never assert that they observed any other individual working off-the-clock, spoke with any other CSR outside of their call center, and could name only two other colleagues with whom they allegedly discussed Defendants' allegedly unlawful policies. *See* ECF No. 49 at 21 (citing ECF Nos. 16-3 (Declaration of Denasha Oliver), 16-4 (Declaration of Jeanecia Nolan), 42-2 (Declaration of Jacki Livingston)).

Contrary to Defendants' argument, Plaintiff Oliver and all of the opt-in Plaintiffs state that they are aware of "numerous other CSRs" who had knowledge of Defendants' policies that required CSRs to work off-the-clock. (ECF Nos. 16-3, 16-4, and 42-2). In addition, the Court notes the similar allegations of off-the-clock work occurred at the Carbondale, Illinois and the Tacoma, Washington locations, indicating that these policies were not isolated a single manager or

location.[2]  Further, the Court acknowledges that Plaintiff has offered to limit the scope of the proposed collective to Defendants' CSRs that used Beeline to record their time.  (ECF No. 54 at 4, 6).  Applying this restriction, the Court finds that all CSRs would have been subject to essentially the same time keeping and schedule adherence policies, performance metrics, and job duties.  Thus, the Court finds that there are no discernable differences between the experiences of the CSRs that would require this Court to deny conditional certification.  The Court finds sufficient support for Plaintiff's collective claims and grants conditional collective certification.

### F.  Notice, Tolling, and Request for Status Conference

The Court notes that Plaintiffs filed a Second Amended Complaint (ECF No. 67) on August 3, 2021 and requested a Status Conference (ECF No. 69) on January 27, 2022.  Given this Memorandum and Order, the Court does not believe that a status conference is necessary.  However, the Court notes that Defendants relied on their briefing related to the original Motion for Conditional Certification (ECF No. 49 at 23 (citing ECF No. 30 at 27-28)) when identifying their objections to the Notice.  Given that Plaintiffs have filed a Second Amended Complaint and because of the minimal briefing done by the parties as to the substance of the Notice, the Court orders the parties to meet and confer to address their issues related to the Notice.  Likewise, the Court acknowledges that the parties disagree regarding whether the Court should allow equitable tolling of this action.  (ECF No. 69).  The Court also orders the parties to meet and confer to resolve the issue of equitable tolling in this action, particularly in light of this Court's Memorandum and Order.

Accordingly,

---

[2] Again, although the Court did not consider the Opt-In of Carolina Esparza, her claims would add another location (El Paso) to the list of locations where FLSA violations allegedly occurred.

**IT IS HEREBY ORDERED** that Plaintiff's Renewed Motion for Pre-Discovery Conditional Certification (ECF No. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer regarding their issues related to the proposed Notice and equitable tolling in this case. The parties shall provide a status report to the Court no later than **March 28, 2022**, identifying when the parties met to discuss and whether they have reached an agreement on these issues.   In the event that the parties cannot reach an agreement, the parties shall each submit briefs no later than **March 28, 2022**, outlining their positions.

**IT IS FINALLY ORDERED** that Putative Class Counsels' Motion for Status Conference (ECF No. 69) is **DENIED**.

Dated this 8th day of March, 2022.

                                                 *Ronnie L. White*
                                                 RONNIE L. WHITE
                                                 UNITED STATES DISTRICT JUDGE