UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENASHA OLIVER and JACKI LIVINGSTON, individually, and on behalf of others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   No. 4:21-CV-199 RLW |
| CENTENE CORPORATION and CENTENE MANAGEMENT COMPANY, LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' unopposed motion for approval of the parties' Fair Labor Standards Act ("FLSA") collective action settlement agreement. (ECF No. 122). The Court will grant the motion for the reasons below.

**1.    Background**

Plaintiff Denasha Oliver worked as a Customer Service Representative ("CSR") at Defendants' call center in Carbondale, Illinois from June 2019 to March 2020. (ECF No. 67 at ¶ 31). Plaintiff Jacki Livingston worked for staffing agency Total Medical Staffing from November 2019 through March 2020 as a CSR at Defendants' call center in Takoma, Washington. *Id.* at ¶ 32. Opt-in Plaintiff Jeanecia Nolan worked for Defendants as a CSR in Carbondale, Illinois from November 11, 2019, to June 2020. (ECF No. 16-4 at ¶ 2). Plaintiffs allege, among other things, that Defendants failed to compensate CSRs for all compensable time in violation of the Fair Labor Standards Act of 1938 ("FLSA") (ECF No. 67). The Court granted conditional collective

certification on March 8, 2022. (ECF No. 70). The parties have undergone informal discovery and have participated in a successful mediation. (ECF Nos. 105, 122).

## 2. Discussion

Plaintiffs now ask the Court to approve the parties' negotiated settlement. (ECF No. 122). Defendants do not object. *Id.* It is unclear whether a settlement agreement under the FLSA requires judicial approval. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026-27 (8th Cir. 2019) (finding it unnecessary to express a view on the circuit split on whether judicial approval is required for all FLSA settlements); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e recognize an apparent circuit split as to whether private settlements relating to FLSA claims require district court review."). Courts in this district typically review an FLSA settlement agreement "for fairness to ensure the parties are not left in an 'uncertain position.'" *Del Toro v. Centene Mgmt. Co., LLC*, No. 4:19-CV-02635-JAR, 2021 WL 1784368, at *1 (E.D. Mo. May 5, 2021) (*citing King v. Raineri Const., LLC*, No. 4:14-CV-1828-CEJ, 2015 WL 631253, at *2 (E.D. Mo. Feb. 12, 2015)). The Court will adopt this approach.

### 2.1. The Settlement Agreement

Under the Settlement Agreement, Defendants must pay a maximum of $375,500 into a Gross Settlement Fund, from which the following payments will be made: (1) settlement payments to collective members, (2) incentive awards to the representative plaintiffs, (3) attorney's fees, and (4) litigation expenses and administration fees. (ECF No. 122-3 at 5-6). The Court will address each payment in turn. But first, it is necessary to review the standard of review for an FLSA settlement agreement.

This Court may only approve an FLSA settlement agreement if it determines that the litigation "involves a bona fide dispute and that the proposed settlement is fair and equitable to all

parties." *Del Toro*, 2021 WL 1784368, at *1 (citing *Frye v. Accent Mktg. Servs., LLC*, No. 4:13-CV-59-CDP, 2014 WL 294421, at *1 (E.D. Mo. Jan. 27, 2014)).

The requirement that the litigation involve a bona fide dispute is satisfied when the settlement agreement "reflects a reasonable compromise over issues that are actually in dispute." *Van Winkle v. Mick Keane's Express Delivery Serv., Inc.*, No. 4:21-CV-1213-NCC, 2022 WL 1122721, at *1 (E.D. Mo. Apr. 14, 2022) (internal quotation marks omitted).

Here, the parties engaged in substantial motion practice related to several issues, including compensability of the alleged off-the-clock work, whether the alleged unpaid overtime was *de minimis*, and the alleged amount of damages suffered by each member of the collective. (ECF No. 122-1 at 16). The parties also engaged in informal discovery and participated in extensive mediation with a third-party mediator. *Id*. at 17. Under these circumstances, the Court finds that the Settlement Agreement reflects a reasonable compromise over a bona fide dispute.

In determining whether a settlement is fair and equitable under the FLSA, the Court "may consider a multitude of factors, including (1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiff's success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case." *Stainbrook v. Minnesota Dep't of Pub. Safety*, 239 F. Supp. 3d 1123, 1126 (D. Minn. 2017) (citation omitted). There is a strong presumption in favor of finding a settlement fair. *Del Toro*, 2021 WL 1784368, at *1 (citation omitted).

As explained above, the parties have engaged in extensive informal discovery and contentious motion practice. (ECF No. 122-1 at 18). Counsel for both parties have experience with this type of litigation. *Id.* at 19. The parties negotiated the Agreement at arm's length and there is

3

no suggestion that Defendants overreached in the settlement negotiations. *Id*. Considering these factors, the Court finds that the Settlement Agreement is fair and equitable.

### 2.2. Incentive Awards

The Settlement Agreement contemplates a total payment of $7,500 in incentive awards to be split amongst Plaintiffs Oliver, Livingston, and Nolan. (ECF No. 122-3 at 5). In assessing the reasonableness of a service award to a representative plaintiff, a district court considers: (1) the actions the plaintiff took to protect the class's interests; (2) the degree to which the class benefitted from those actions; and (3) the amount of time and effort the plaintiff expended in pursuing the litigation. *Johnson v. Himagine Sols., Inc.*, No. 4:20-CV-00574-SPM, 2021 WL 2634669, at *7 (E.D. Mo. June 25, 2021); *Del Toro*, 2021 WL 1784368, at *3.

Plaintiffs Oliver, Livingston, and Nolan contend that they participated in multiple interviews, provided documentation, and supplied declarations that were integral to the litigation. (ECF No. 122-1 at 20-1). They state that they have agreed to a general release that exceeds the scope of the release for other collective members. *Id.* at 20. Defendants do not dispute these contentions. Under these circumstances, the Court finds that the contemplated incentive awards are reasonable.

### 2.3. Attorney's Fees

Under the Settlement Agreement, Plaintiffs' counsel may seek up to $214,000 for attorney's fees from the Gross Settlement Fund. (ECF No. 122-3 at 5). This Court need only consider whether this sum is fair and reasonable. *Del Toro*, 2021 WL 1784368, at *2. The Settlement Agreement is entitled to a "certain level of deference" and the Court need not undertake a "line-by-line, hour-by-hour review." *Salone v. Cushman & Wakefield U.S., Inc.*, No. 4:21 CV 1151-RWS, 2023 WL 1861055, at *2 (E.D. Mo. Feb. 9, 2023) (citing *Melgar*, 902 F.3d at 779)

4

(internal quotation marks omitted). The following factors are relevant to the Court's determination: (1) whether the fee is fixed or contingent; (2) the amount involved and the results obtained; (3) the novelty and difficulty of the questions; (4) the experience, reputation, and ability of the attorneys; and (5) awards in similar cases. *Id.* (cleaned up).

Plaintiffs' counsel has shown an ability to navigate the complex issues involved in this case. While the award at issue here is substantial, the Settlement Agreement provides a meaningful recovery for members of the collective and the sum awarded compares favorably to amounts awarded in similar cases. *See, e.g., Morales v. Farmland Foods, Inc.*, 2013 WL 1704722 (D. Neb. April 18, 2013) (approving $2,008,142 in attorney's fees and $275,000 to collective members); *Channel v. Gates & Sons Barbecue of Missouri, Inc.*, 2016 WL 7048390 (W.D. Mo. June 2, 2016) (approving $69,812.50 in attorney's fees after jury award of $23,595 to FLSA); *Sandoval-Osegura v. Harvey Pallets Management Group, LLC*, 2021 WL 2337614 (E.D. Mo. June 8, 2021) (approving $90,000 in attorney's fees/litigation expenses and $50,000 to the FLSA collective members plaintiff). Defendants do not object to the award and the Court sees no reason to modify the parties' negotiated agreement. The Court finds that the award of attorney's fees in this case is fair and reasonable.

### 2.4. Litigation Expenses and Administration Fees

Plaintiffs' counsel seeks reimbursement of litigation expenses in the amount of $18,865.24. (ECF No. 122-1 at 28). The parties also seek up to $13,650 to pay the settlement administrator. *Id.* at 29. Having reviewed the Declarations provided by Plaintiffs' counsel (ECF Nos. 122-4; 122-6), the Court finds that these expenses are reasonable and of the kind typically reimbursed from a settlement fund. *See, e.g., Matheson v. T-Bone Rest.*, LLC, No. 09 CIV. 4214 DAB, 2011 WL 6268216, at *1 (S.D.N.Y. Dec. 13, 2011) (awarding class counsel their litigation costs to be paid

from the settlement fund, including expenses associated with "mediator's fees, expert fees, consultant fees, process server charges, telephone charges, postage, transportation and working meal costs, photocopies, and electronic research" because such expenses "are reasonable and were incidental and necessary to the representation of the class.").

**3.  Conclusion**

After careful review, the Court finds that the Settlement Agreement reflects a fair and equitable resolution of a bona fide dispute.

Accordingly

**IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement is **GRANTED**. (ECF No. 122).

**IT IS FURTHER ORDERED** that the parties' Settlement Agreement is **APPROVED**.

**IT IS FURTHER ORDERED** that the proposed incentive awards are **APPROVED**.

**IT IS FURTHER ORDERED** that the proposed award of attorney's fees is **APPROVED**.

**IT IS FURTHER ORDERED** that Plaintiffs' counsels' request for reimbursement of litigation expenses is **APPROVED**.

**IT IS FURTHER ORDERED** that the proposed administration fees are **APPROVED**.

**IT IS FURTHER ORDERED** that this action will be **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Court will retain jurisdiction over this case to enforce the terms of the parties' Settlement Agreement, if necessary.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 25th day of April, 2023.